**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Edgar Dale HORNER, Defendant— Appellant.**

**No. 99–15995.**

**D.C. Nos. CV–96–02677–RCB, CR–90–00464–RCB.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Nov. 13, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI and KLEINFELD, Circuit Judges, and GEORGE,** District Judge.

### MEMORANDUM***

The district court granted a certificate of appealability[1] as to one issue: whether the guidelines system for computing the base offense level for conspiracy to distribute the drug Dilaudid is constitutional. We expanded the certificate to include two additional issues: whether petitioner's counsel was ineffective for failing to file a notice of appeal, and whether petitioner's counsel was ineffective for failing to challenge the amount and foreseeability of the drugs attributed to the petitioner at sentencing.

■ There is no constitutional infirmity in the equivalency system as applied to Horner. The Supreme Court has held in *Harmelin v. Michigan*[2] that sentencing a defendant to life without parole for possessing more than 650 grams of cocaine does not violate the Eighth Amendment. Horner's 20–year sentence satisfies the "gross disproportionality" test of *Harmelin*, applied by us in *United States v. Bland.*[3] Horner's argument that sentences for Dilaudid distribution are disproportionate relative to those for heroin distribution is unpersuasive. Congress has broad discretion to set sentences even for drugs that are chemically related.[4] Congress could rationally conclude that Dilaudids present a distinct threat because they can be fraudulently obtained by prescription.

■ On the record before us, however, we cannot affirm the constitutional adequacy of Horner's counsel in failing to appeal. Horner pled guilty to conduct involving 4055 pills of Dilaudid, but was sen-

---

** The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* 28 U.S.C. § 2253(c).

2. 501 U.S. 957, 997–98, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *United States v. Bland*, 961 F.2d 123, 128–29 (9th Cir.1992) (Justice Kennedy's *Harmelin* concurrence was the holding of the Court).

3. 961 F.2d at 128–29.

4. *See United States v. Harding*, 971 F.2d 410, 412–14 (9th Cir.1992).

tenced on the basis of 146,430 pills—an increase of 3500 percent. In addition, the presentence report added quantities of two new drugs.

The presentence report's drug total is arguably defective in two respects. First, it counts all drugs acquired by Horner and his co-defendants without regard to whether they were distributed or consumed. Personal consumption is not relevant conduct to a distribution offense under U.S.S.G. § 1B1.3.[5] Second, the presentence report includes no explicit determination that the entire quantity of drugs was reasonably foreseeable to Horner. Horner is not accountable for acts of his co-defendants that he could not have reasonably foreseen.[6]

Although we do not have a copy of the objection, the addendum to the presentence report indicates that counsel did file an objection to the quantities. The presentence report addendum states that "Horner was held accountable for drugs beginning in 1983 based on information provided from the Government and the case agent. According to Guideline 1B1.3(a)(2) relevant conduct does include 'all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" This statement is insufficient to support a sentence under our precedents. "Although the court may adopt the factual findings of the presentence report[,] it may not adopt conclusory statements unsupported by facts...."[7] The district court, in turn, stated that "[t]he specific commencement of conspiracy activity, for which there is relevant conduct established, would be 1983 and not in the 1970s,

as counsel seemed to imply in the objection." This finding is not fully responsive to the objection. The district court did not identify the factual support for treating acquisition of all 146,430 pills as relevant conduct under the Guidelines; the presentence report contains none, and the government has not directed our attention to any in the record.

These defects present a colorable issue for appeal. Horner's counsel at sentencing nonetheless told him that he could see no grounds for appeal. An explanation for what happened may be found in a letter counsel wrote to the attorney who represented Horner in all other stages of the case:

> As you know, Mr. Horner has had a variety of inquiries regarding the status of this matter since the date of his sentencing. As you will recall, I agreed to stand in on your behalf at sentencing as a courtesy both to you and to Mr. Horner. I did not agree then and I am not in a position now to act as counsel on behalf of Mr. Horner with respect to any other matters. Indeed, I have a very limited knowledge of the history of this case and do not believe it appropriate for me to intervene.

Horner's counsel at sentencing similarly admitted at the hearing that he was "not serving Mr. Horner's interests ... like [he] should be" because he "took over the case" from Horner's former counsel. In light of his own admissions that he had limited knowledge of the case, and the unsupported expansion from 4,055 to 146,430 pills, Horner's counsel lacked a basis for advising Horner that he could see no grounds for appeal. There was an obvious

5. *United States v. Rodriguez–Sanchez,* 23 F.3d 1488, 1495–96 (9th Cir.1994).

6. *United States v. Newland,* 116 F.3d 400, 404 (9th Cir.1997).

7. *United States v. Culps,* 300 F.3d 1069, 1078 (9th Cir.2002) (ellipses and internal quotation marks omitted).

and substantial ground for an appeal of the quantity determination. This falls below the constitutional floor of effective assistance set by *Strickland.*[8]

Horner has sufficiently alleged prejudice. He claims that no appeal was filed because counsel told him he could see no grounds for an appeal. If Horner would have appealed but for counsel's ineffective assistance, he suffered prejudice.[9] Because the district court made no finding on this issue, we remand.

Horner's counsel was not constitutionally ineffective for failing to object to the drug quantity at the sentencing hearing. The district judge considered but overruled the written objection to the presentence report. Although Horner's counsel should have advised Horner that the court's decision presented an appealable issue, he was not required to argue the point further before the district court.

We decline to expand the certificate of appealability to the other issues raised by Horner.[10]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS MEMORANDUM DISPOSITION.

---

**8.** *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**9.** *Roe v. Flores–Ortega,* 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

**10.** *See Hiivala v. Wood,* 195 F.3d 1098 (9th Cir.1999).

